**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 07-78-JBC**

**MARY M. HOLBROOK,**                                                          **PLAINTIFF,**

**V.**          **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION**                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). DE 9; DE 10. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). The court does not

try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decisions must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

The plaintiff is a thirty-two-year-old female with a 12th-grade education and past work experience including employment as a deli worker. AR 18. She alleges that she became disabled on January 16, 2004, due to low back pain attributed to degenerative disk disease. AR 32. The plaintiff's claim was filed on May 4, 2004, and was denied initially and on reconsideration. AR 18. After a hearing on September 19, 2005, ALJ

John M. Lawrence determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 18. At Step 1, the ALJ determined that the plaintiff has not engaged in substantial gainful activity since her alleged onset date. AR 19. At Steps 2 and 3 the ALJ found that the plaintiff has low back pain secondary to a small herniated nucleus pulposis at L4-5 and disc bulging at L5-S1, an impairment that is "severe" within the meaning of the regulations but not "severe" enough to meet or medically equal, either singly or in combination, one of the impairments in the Listing of Impairments. AR 20. At Step 4, the ALJ found the plaintiff able to perform past relevant work at the light and medium levels, based on her experience as a deli worker and the testimony of the vocational expert ("VE") regarding the plaintiff's residual functional capacity ("RFC"). AR 22. Finally, at Step 5 the ALJ concluded that jobs that the plaintiff can perform exist in significant numbers in the national economy. AR 22. Based on these findings the ALJ denied the plaintiff's claim for DIB. AR 22. The plaintiff appealed to the Appeals Council, her appeal was denied, and she commenced this action. AR 7.

**III. Legal Analysis**

The plaintiff argues that the ALJ did not indicate at any point in his decision the weight, if any, he gave plaintiff's husband's lay-witness testimony. The plaintiff asserts that this testimony supports the disability claim by showing that she did "basically nothing" and that her sister-in-law did many of the household chores. DE 9, at 3. The plaintiff asserts that this testimony is in apparent conflict with the ALJ's

statement that "the claimant is more active than she admits." DE 9, at 3. The plaintiff cites *Lashley v. Secretary of Health & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983), which held that "[p]erceptible weight must be given to lay testimony where . . . it is fully supported by the reports of treating physicians." Plaintiff submits that once an impairment has been established from evidence by an acceptable medical source the Defendant is required to consider evidence from "other medical sources," including "[o]ther non-medical sources (for example… spouses…)," to show the severity of [Plaintiff's] impairment[s] and how it affects [Plaintiff's] ability to work." DE 9, at 4 (quoting 20 CFR § 404.1513(d)(4)). Plaintiff contends that the plain language of this regulation supports her argument.

The ALJ's opinion refers to Plaintiff's husband's testimony, stating that Plaintiff's sister-in-law is paid on a biweekly basis to do chores, housework, and cooking. AR 21. The remainder of Plaintiff's husband's testimony concerns the Plaintiff's limited activity and the areas in which she feels pain. AR 202. Statements made by the husband duplicate Plaintiff's testimony in some places and contradict it in others. AR 19-21, 56, 86. The husband's testimony does not introduce additional evidence of disability beyond what is contained elsewhere in the record, and is not supported by the medical evaluations conducted by Dr. John Vaughn, Dr. Ziad Sara, and Dr. Mary Ann Domingo. The ALJ notes that only conservative treatment has been suggested, and furthermore no treating physician has placed any work limitations on the plaintiff. AR 21.

Because it is not supported by the reports of treating physicians, the ALJ was not required to give perceptible weight to the husband's testimony. In *Higgs v. Bowen*, 880 F.2d 860, 864 (6th Cir. 1988), the court held that the Appeals Council should have explicitly discussed the testimony of the plaintiff's husband, but that failure to do so was not reversible error where it was clear that the Appeals Council had considered the entire record and implicitly rejected the testimony of the claimant's husband. In *Loral Defense Systems – Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) (citing *NLRB v. Beverly Enterprises-Massachusetts*, 174 F.3d 13 (1st Cir. 1999)), the court noted, "the fact that the ALJ's opinion failed to discuss all of the testimony and evidence presented to him does not mean that the ALJ 'failed to consider' the evidence." The *Loral* court followed *Beverly*, stating that "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make "explicit credibility findings" as to each bit of conflicting testimony, so long as his factual findings as a whole show that he "implicitly resolved" such conflicts." Id. at 26. The ALJ is not required to explicitly discuss the weight, if any, given to the husband's testimony in his decision if he has resolved conflicting issues of evidence. Since the husband's testimony contained statements contradicting medical reports and the Plaintiff's testimony, the ALJ did not commit error in failing to assign any weight to the husband's testimony.

The plaintiff cites 20 C.F.R. § 404.1513(d)(4) for the proposition that the ALJ must consider evidence from non-medical sources, such as the plaintiff's spouse. This

regulation was passed in 2000, after the *Loral* and *Beverly*, but it clarifies, rather than expands, the old provision. Section (d)(4) of the regulation states in part:

> In addition to evidence from the acceptable medical sources listed in paragraph (a) of this section, we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work. Other sources include, but are not limited to . . . other non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy).

The regulation clearly states that the ALJ *may* take non-medical sources into consideration, not that he is required to do so. The ALJ therefore did not commit error in failing to discuss the testimony of the plaintiff's husband in his decision, and the ALJ's decision was supported by substantial evidence.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 9) is **DENIED**.

Signed on  August 22, 2008



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY